THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>DANIEL TOTH, *et al.*,<br><br>　　　　　　　　　Defendants. | CASE NO. C24-0508-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for summary judgment against Defendant Jose Cendejas and default judgment against Defendant Daniel Toth (Dkt. No. 23). Having thoroughly considered Plaintiff's briefing[1] and the relevant record, the Court finds oral argument unnecessary and GRANTS the motion for the reasons explained herein.

I.  **BACKGROUND**

On April 15, 2024, Plaintiff filed a complaint seeking a declaration and judicial determination that it does not owe defense or indemnity coverage obligations to Defendants with respect to a lawsuit between each in King County Superior Court (hereinafter the "underlying suit"). (*See generally* Dkt. No. 1.) That suit arose out of an automobile accident between Mr.

---

[1] Defendants Cendejas and Toth both failed to respond to Plaintiff's motion.

1  Toth and Mr. Cendejas. (*See id*. at 2–3.) On or around January 17, 2024, Mr. Toth was driving in
2  Grapeview, Washington, when he lost control and collided with Mr. Cendejas. (Dkt. No. 24-2 at
3  3.) At the time, Mr. Toth maintained a personal automobile insurance policy with Plaintiff
4  (hereinafter the "Policy"). (*See* Dkt. No. 24-1 at 2.) The only automobile listed on the
5  declarations page was Mr. Toth's 2001 BMW 330 (hereinafter the "BMW"). (*See id*.). However,
6  Mr. Toth was driving his fiancée's vehicle, a 2006 Ford F150 (hereinafter the "Ford"), at the
7  time of the accident. (Dkt. No. 24 at 2.) The Ford does not appear on the Policy's declarations
8  page. (*See* Dkt. No. 24-1 at 2.) The Ford is also insured through a separate policy issued by
9  American Family Insurance. (Dkt. No. 24 at 2.)

10  On March 4, 2024, Mr. Cendejas filed the underlying suit against Mr. Toth. (Dkt. No. 1
11  at 3.) Mr. Toth tendered the claim to Plaintiff, seeking defense and indemnity. (Dkt. No. 24 at 2.)
12  Plaintiff agreed to defend Mr. Toth under an express reservation of rights. (*Id*.; *see also* Dkt. No.
13  24-2) (letter reasserting Plaintiff's express reservation of rights). After a good faith investigation,
14  Plaintiff determined there was no coverage available under the Policy. (*Id*.) Accordingly,
15  Plaintiff brought this action, seeking declaratory judgment against both Defendants. (*See* Dkt.
16  No. 1.) While each initially failed to respond, Mr. Cendejas eventually answered on June 25,
17  2024. (*See* Dkt. No. 13.) Mr. Toth failed to answer, even after the Court granted two motions to
18  continue his answer deadline, resulting in the Clerk's entry of default. (*See generally* Dkt. Nos.
19  15, 17, 20.)

20  Plaintiff now moves for summary judgment against Mr. Cendejas and entry of default
21  judgment against Mr. Toth. (*See* Dkt. No. 23.)

## II.  DISCUSSION

### A.  Summary Judgment

#### 1.  Legal Standard

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the

facts in the light most favorable to the nonmoving party and resolves ambiguity in that party's favor, but it must not make credibility determinations or weigh evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 255 (1986); *Bator v. Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994). A fact is material if it "might affect the outcome of the suit," and a dispute of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In turn, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

2. <u>Plaintiff's Unconstested Evidence Supports Summary Judgment Against Mr. Cendejas</u>

Plaintiff moves for summary judgment against Mr. Cendejas. (*See* Dkt. No. 23 at 2.) Specifically, though not exactly in these terms, Plaintiff asks the Court to find that coverage does not apply here and, as such, it has no duty to defend or indemnify Mr. Toth, nor does it owe third party liability coverage to Mr. Cendejas. (*See id.*) Mr. Cendejas did not respond.

A nonmoving party's failure to respond does not necessarily result in summary judgment. *See* 73 Am. Jur. 2d Summary Judgment § 25. The movant must still satisfy its initial burden of showing that there are no genuine issues of material fact. *See Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). That said, the district court has no duty "to scour the record in search of a genuine issue of triable fact." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010). Instead, where, as here, there is a failure to respond, the district court may treat the movant's assertions of fact, where properly supported by evidence, as undisputed. *See Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). Accordingly, the Court treats Plaintiff's assertions of fact, where supported by evidence[2], as undisputed, and looks next to

---

[2] In moving for summary judgment, Plaintiff submitted: (1) a declaration from the claims professional assigned to handle Mr. Toth's claim (Dkt. No. 24); (2) a copy of the Policy (Dkt.

whether those undisputed facts entitle Plaintiff to judgment as a matter of law.

Under Washington state law, an insurance policy is construed as a contract, the interpretation for which is a matter of law. *State Farm Gen. Ins. Co. v. Emerson*, 687 P.2d 1139, 1142 (Wash. 1984). The Court, therefore, must interpret it "according to the way it would be understood by the average insurance purchaser." *Id*. (citing *Phil Schroeder, Inc. v. Royal Globe Ins. Co.*, 659 P.2d 509, 511 (Wash. 1983)). Moreover, where there may be a dispute as to the scope of coverage, courts examine "the terms of an insurance contract to determine whether under the plain meaning of the contract there is coverage." *Kitsap Cnty. v. Allstate Ins. Co.*, 964 P.2d 1173, 1178 (Wash. 1998). If the policy language is clear and unambiguous, then a court must enforce the policy as written and may not modify it or create an ambiguity. *See id*.

Here, the language of the Policy is clear and unambiguous. It does not apply to "**bodily injury or property damage** arising out of the ownership, maintenance, or use of any vehicle owned by [**Mr. Toth**] or furnished or available for [**Mr. Toth's**] regular use, other than a **covered auto** for which this coverage has been purchased." (Dkt. No. 24-1 at 12) (emphasis in original). A "covered auto" is any automobile that is (1) shown on the declarations page of the applicable policy, (2) an "additional auto" the policyholder acquires after the policy goes into effect, and for which the policyholder provides the insurer with notice of ownership and payment of additional premiums, or (3) a "replacement auto," which is an automobile that permanently replaces any automobile on the declarations page and is not separately covered by any other insurance policy. (*Id*. at 8–9.)

Again, Mr. Toth was driving the Ford at the time of the accident. (Dkt. No. 24 at 2.) The Ford was not a "covered auto" under the Policy. For one, it does not appear on the declarations page. (*See* Dkt. No. 24-1 at 2.) Moreover, Mr. Toth did not acquire or otherwise become the owner of the Ford during the policy period; as such, the Ford cannot constitute an "additional

No. 24-1); (3) a copy of the reservation of rights letter issued to Mr. Toth (Dkt. No. 24-2); and (4): a copy of the claim log notes related to Mr. Toths' claim (Dkt. No. 24-3).

auto." (*See* Dkt. No. 24 at 2.) Finally, as noted, the Ford is separately insured through American Family Insurance, and therefore fails to meet the definition of a "replacement auto." (*See id*.) As such, under the plain meaning of the Policy, Mr. Toth was not driving a covered auto at the time of the accident. Plaintiff therefore has no legal obligation to cover Mr. Toth for any liability arising out of the accident. That is, regardless of the results of the underlying suit, Plaintiff has no obligation to indemnify Mr. Toth, and therefore no third-party obligation to Mr. Cendejas.

### B.   Default Judgment

#### 1.   Legal Standard

Under the Federal Rules of Civil Procedure, any party may make a motion for default judgment. Fed. R. Civ. P. 55(b)(2). The decision whether to enter a default judgment is left to the discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors this Court may consider include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) potential disputes concerning material facts; (6) whether default was due to excusable neglect; and (7) a policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

#### 2.   Plaintiff is Entitled to Default Judgment Against Mr. Toth

Here, all factors weigh in favor of entering default judgment against Mr. Toth. Most importantly, as detailed above, the merits of Plaintiff's substantive claim are sound. *See supra* Section II.A.2. To that end, denying entry of default judgment would prejudice Plaintiff, who is expending funds under a reservation of rights to defend Mr. Toth in the underlying suit. (*See* Dkt. No. 23 at 2.) Therefore, a denial of Plaintiff's motion would require Plaintiff to expend additional funds defending Mr. Toth in the underlying suit, even though Plaintiff has no legal obligation to do so. *See supra* Section II.A.2. Mr. Toth does not otherwise oppose—or even respond to—Plaintiff's motion. As such, the Court cannot conclude that Mr. Toth's failure to answer Plaintiff's complaint was due to excusable neglect.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for summary judgment against Mr. Cendejas and default judgment against Mr. Toth (Dkt. No. 23). The Court DECLARES the following:

> With regard to the January 17, 2024, motor vehicle accident occurring in Grapeview, Washington, Defendants Daniel Toth and Jose Cendejas are not entitled to any coverage pursuant to the terms and conditions of the policy of insurance issued to Daniel Toth, policy no 966719528-000, for any and all claims asserted. Because Defendant Daniel Toth's fiancée is listed as a driver on the Progressive Policy and Defendant Toth was driving his fiancée's vehicle which was furnished or available for his regular use and did not constitute a covered auto, coverage is unavailable under the Progressive Policy. As such, Progressive Casualty Insurance owes no duty to defend or indemnify Defendants Daniel Toth and Jose Cendejas and no coverage is available for the January 17, 2024, loss.

DATED this 5th day of November 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE